GEORGE H. McCAFFREY & others *vs.* MAYOR OF BOSTON & others.

Suffolk.    October 23, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Boston*, Personal expenses of members of city council.    *Municipal Corporations*, Officers and agents.    *Equity Jurisdiction*, Suit by ten taxable inhabitants of municipality.

The expenditure in 1925 by the executive committee of the city council of the city of Boston, which comprised all of the members of the council, of a sum of $2,500, or a substantial part of it, to cover the costs of a trip by the members of the city council to various cities of this country for the purpose of investigating hospitals for chronic diseases in order to determine the advisability of the passage of an order forwarded to the council by the mayor "seeking an appropriation exceeding $1,000,000 for the establishment of a hospital for chronic diseases at Parker Hill," would be unlawful although the committee acted under an order of the council recommended by the mayor authorizing them "to expend, subject to the approval of the mayor, a sum not exceeding $2,500 for an investigation as to the advisability of establishing a hospital for chronic diseases at Parker Hill"; such expenditure being in violation of St. 1909, c. 486, § 49.
The provisions of St. 1909, c. 486, § 49, are not affected by G. L. c. 40, § 5, cl. 30.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on April 17, 1925, by ten taxable inhabitants of Boston under G. L. c. 40, § 53, to restrain the alleged unlawful expenditure of $2,500.

The answers of the defendants admitted that the order of the council quoted in the opinion was not for any of the purposes set out in St. 1914, § 274.

The suit was heard by *Wait*, J.    Material facts admitted by the pleadings and found by the single justice are described in the opinion.    The single justice ruled that "expenses incurred necessarily in furtherance of inquiry and investigation away from Boston come within the 'other necessary charges' authorized by G. L. c. 40, § 5, cl. 30," and ordered the bill dismissed.    From a final decree dismissing the bill, the plaintiffs appealed.

The case was submitted on briefs.

*W. J. Drew & C. J. Miller*, for the plaintiffs.

*E. M. Sullivan*, Corporation Counsel, *& S. Silverman*, Assistant Corporation Counsel, for the defendants.

RUGG, C.J.    This is a suit in equity by ten taxable inhabitants of Boston under G. L. c. 40, § 53, to restrain the proposed expenditure of public money for a purpose alleged to be unlawful.    The facts are that an order was passed by the city council of Boston and approved by the mayor providing that "the Executive Committee for the City Council be authorized to expend, subject to the approval of the Mayor, a sum not exceeding $2,500 for an investigation as to the advisability of establishing a hospital for chronic diseases at Parker Hill . . . ."    The executive committee consists of all the members of the city council.    It is proposed to expend the sum thus appropriated, or a substantial part of it, to cover the costs of a trip by the members of the city council to various cities of this country for the purpose of investigating hospitals for chronic diseases.    At the time of the passage of the order there was pending before the city council an order forwarded to it by the mayor "seeking an appropriation exceeding $1,000,000 for the establishment of a hospital for chronic diseases at Parker Hill," and the "city council was unable to determine the advisability of the passage of such appropriation order because of lack of information concerning the same," wherefore the mayor recommended the passage of the order here in question.

It is provided in the amended charter of the city of Boston, St. 1909, c. 486, § 49: "Each member of the city council shall be paid an annual salary of fifteen hundred dollars; and no other sum shall be paid from the city treasury for

or on account of any personal expenses directly or indirectly incurred by or in behalf of any member of said council." This is a sweeping prohibition. It contains no exception. The words constitute an unmistakable legislative mandate against payment of every form of personal expense of members of the city council out of the public funds. The words are not restricted in any respect. They are not confined to mere private entertainment, dissociated from any pretence of public service. They comprehend every kind of personal expense, no matter how close its connection with the public service may be thought to be. If it be assumed, but without so deciding, that payment of such expenses might otherwise be lawful under the phrase, "all other necessary charges" of a municipality, G. L. c. 40, § 5, cl. 30, the positive and unequivocal forbiddance of payment of such expenses in St. 1909, c. 486, § 49, overcomes and nullifies such general permission. The latter is a special statute applicable to Boston alone and adapted to what the Legislature regarded as its peculiar needs. No words of general permission can stand against such particular and positive prohibition.

It is plain that the costs of a trip by members of the city council to various cities of the country constitute personal expenses of such members. According to the common and approved usage of the language, scarcely any expenses more strictly personal can be imagined than those arising from travel. Money paid for transportation, food and lodging constitute as intimate personal expenses as disbursements for any purpose.

It seems hardly thinkable that the Legislature should have found it necessary to enact a statute of this nature with reference "only to such personal expenses of the city council which might be incurred for the special and individual benefit of the members for their own pleasure, comfort and enjoyment" without any shadow of connection with the public service, as argued in behalf of the defendants. At all events, the statutory words of § 49 are not susceptible of any such constricted meaning and interpretation.

The provisions of St. 1914, c. 274, clearly are not applicable to the facts here disclosed.

It has been argued in behalf of the defendants that the questions presented by this suit "have been rendered moot" because "The investigation . . . has already been made and the money appropriated . . . has already been expended." There are two answers to this argument. 1. There is nothing in the record to warrant it. No facts of that nature or supporting such an inference are set forth in the findings. 2. Even if it had been found as a fact that after the institution of the suit the money had been expended, the questions here raised would not necessarily be moot, but might be quite real and practical. *Frost* v. *Belmont*, 6 Allen, 152, 157. *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258, 260.

It follows that the plaintiffs are entitled to relief.

*Decree reversed.*

*Decree to be entered in favor of plaintiffs.*